IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CHARLIE BRICE                                      PETITIONER

V.                                No. 16-1094

WENDY KELLEY, Director,
Arkansas Dept. of Correction                                 RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. §2254 (Doc. 1) filed November 15, 2016. The Respondent filed a Motion to Dismiss (Doc. 7) on December 9, 2016 and a Memorandum Brief (Doc. 7). The Petitioner did not file a Response. The matter was assigned to the undersigned on June 23, 2017 and is now ready for a Report and Recommendation.

### I. Background:

The Petitioner was convicted and sentenced in Columbia County, Arkansas in 2008 and sentenced to 180 months in the Arkansas Department of Correction on Battery 1st, and 60 months on a Firearms Possession charge. (Doc. 1, p. 1)(Doc. 8-1). The Petitioner filed the current Petition under 28 U.S.C. §2254 on November 15, 2016 contending he received Ineffective Assistance of Counsel contending that he was "never appointed counsel" at the time of his plea. (Doc. 1, p. 5). The Respondent filed a Motion to Dismiss (Doc. 8) on December 9, 2016 contending the petition should be dismissed pursuant to 28 U.S.C. §2244 (b)(3)(A).

### II. Discussion

**A. Permission from Appeals Court Required.**

Pursuant to 28 U.S.C. § 2244 (b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

This statute plainly states that a federal district court cannot entertain a "second or successive" habeas corpus petition filed by a person in state custody, unless the apposite federal circuit court of appeals has expressly authorized that person to file another habeas petition. *Burton*, 549 U.S. at 157, 127 S.Ct. 793; see also *Cox v. Norris*, 167 F.3d 1211, 1212 (8th Cir.1999) (stating that a prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application *1092 for habeas corpus relief). If a state detainee attempts to file a second or successive habeas petition without a preauthorization order from the Court of Appeals, the action must be summarily dismissed for lack of jurisdiction. See *Tompkins v. Sec'y, Dept. of Corr.*, 557 F.3d 1257, 1259 (11th Cir.) ("Section 2244(b)(3)(A) requires a district court to dismiss for lack of jurisdiction a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court to consider it."), cert. denied, 555 U.S. 1161, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009).

It is therefore clear that if Petitioner's current habeas corpus Petition is indeed a second or successive petition, the claims presented in the Petition cannot be adjudicated on the merits, and this action must be summarily dismissed for lack of jurisdiction.

**B. Second or Successive Application:**

The United States Supreme Court has repeatedly held that the statutory phrase "second or second habeas corpus application under section 2254" is a term of art that "is not self-defining."

*Panetti v. Quarterman*, 551 U.S. 930, 943, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007); see also *Slack v. McDaniel,* 529 U.S. 473, 486, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) ("The phrase 'second or successive petition' is a term of art given substance in our prior habeas corpus cases"); *Magwood v. Patterson*, ––– U.S. –––, 130 S.Ct. 2788, 2797, 177 L.Ed.2d 592 (2010) (same).

The Petitioner filed his first 2254 petition in the Eastern District of Arkansas on April 1, 2014 (4:14-cv-0024; Doc. 1) contending, inter alia, that he received ineffective assistance of counsel (Id., p. 5) because he had never spoken with his attorney prior to his plea. That petition was dismissed on April 27, 2015 as time barred (Id., Doc. 14) and no appeal was taken. The Petitioner's claim asserted in his second 2254 petition, while phrased a little differently, is identical to his first 2254 petition.

Because the petition constitutes a second or successive petition and the petitioner has failed to obtain permission from the Eighth Circuit Court of Appeals the court is without jurisdiction to consider his claim.

### III.  Conclusion

Based on the above, I recommend that the instant Motion to Dismiss be GRANTED and the petition be dismissed because the court is without authority to entertain the Petition.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED  June 23, 2017.

                                              */s/ J. Marschewski*
                                              HON. JAMES R. MARSCHEWSKI
                                              U. S. MAGISTRATE JUDGE